UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIC D STEWART, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 4:13-CV-62 |
| § | |
| UP MOORE, *et al*, § | |
| § | |
| Respondents. § | |

## OPINION ON DISMISSAL

Petitioner Eric D. Stewart, a state inmate proceeding *pro se*, filed an application for writ of habeas corpus under 28 U.S.C. § 2254 challenging his designation as a sex offender by the Texas Department of Criminal Justice (TDCJ) and the imposition of sex offender treatment conditions upon him while on parole. (Docket No. 1.) Respondent has filed a motion to dismiss asserting, *inter alia*, that Petitioner has not exhausted available state habeas corpus remedies as required under 28 U.S.C. § 2254(b). (Docket No. 20.) For the reasons to follow, the Court will grant Respondent's motion and dismiss this habeas action without prejudice.

## BACKGROUND

Petitioner is in custody pursuant to a conviction in the 272nd Judicial District Court of Brazos County, Texas, for driving while intoxicated (Cause No. 02-0079-CRF-272). (Docket No. 20, Ex. A.) Petitioner pleaded guilty and was sentenced on August 4, 2003, to a fifteen-year term of imprisonment in TDCJ-CID. (Id.) Petitioner is also serving an eight-year sentence on a 2011 conviction for burglary of a building (Cause No. 10-03859-CRF-272). (Id.) Prior to these convictions, Petitioner was arrested in 1992 for aggravated sexual assault and aggravated kidnapping in Bryan, Texas. (Docket No. 21 at 2-3.) On April 23, 1992, Petitioner pleaded

guilty in the Brazos County Court at Law to misdemeanor assault with bodily injury (Cause No. 92-0760-A) and was sentenced to fifty days in jail. (Id., Ex. A.) In 2008, Petitioner was released to parole on his DWI charge and was subjected to sex offender parole conditions based on his 1992 arrest for aggravated sexual assault.[1] (Id., Ex. E.) Petitioner states that due to his sex offender designation he has had to comply with onerous and costly supervision requirements each time he has been released to parole, which has contributed to his recidivism. Petitioner filed a state habeas petition in 2012 attempting to challenge his sex offender designation, but the petition was promptly dismissed without written order based on Petitioner's identification of his 1992 misdemeanor conviction as the conviction under attack. (Docket No. 18 at 3; Docket No. 21, Ex. D.) Petitioner did not refile his state habeas petition as a challenge to the execution of his current sentence.

## DISCUSSION

Respondent moves to dismiss the pending petition for want of jurisdiction based on Petitioner's failure to exhaust administrative remedies. (Docket No. 20.) A challenge to the Court's subject matter jurisdiction is governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(1). When reviewing a motion to dismiss under Rule 12(b)(1), a district court may dismiss the action based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Williams v. Wynne*, 533 F.3d 360, 365 n. 2 (5th Cir. 2008). A motion to dismiss under Rule 12(b)(1) should not be granted "unless

---

[1] Petitioner states that he was first designated a sex offender in 1992, presumably upon his release from jail on the misdemeanor assault charge, and that sex offender conditions have been imposed upon him each time he has been on parole since. (Docket No. 21 at 3.) Petitioner sent a letter to the Texas Board of Pardon and Paroles in 2012 attempting to resolve the issue and was informed that he failed to timely challenge the sex offender designation despite being warned that the designation was a possibility. However, it appears from the Board's response that Petitioner could revisit the issue if he is again released to parole. (Docket No. 9 at 6.)

it appears certain that the plaintiff cannot prove any set of facts in support of [his] claim which would entitle [him] to relief." *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995).  The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper.  *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

Under 28 U.S.C. § 2254(b), a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722 (1991).  Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).  The petitioner must give the highest state court a fair opportunity to rule on the claim, which requires the petitioner to present his claims in accordance with the court's procedural rules.  *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999).  The exhaustion requirement can only be waived if there is an absence of available State corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254 (b)(1)(B).

Here, Petitioner has not shown that he properly presented his sex offender classification claim in the state courts before filing his present petition.  Although Petitioner did file one state habeas application attempting to challenge his sex offender designation, it appears that petition was not properly filed because Petitioner did not exhaust state administrative remedies before filing and he improperly cited his misdemeanor conviction as the sentence under attack.  The Fifth Circuit has held that a Texas prisoner who seeks state habeas review in a manner that does not comply with the Court of Criminal Appeals' procedural directives for seeking such review has not exhausted available state habeas remedies. *Bautista v. McCotter*, 793 F.2d 109, 110 (5th

Cir. 1986). Specifically, if the Court of Criminal Appeals dismisses an application for a writ of habeas corpus for non-compliance, that Court has not considered the merits of the claims presented in the application, and the claims remain unexhausted. *Slaughter v. Thaler*, F. Supp. 2d, 2009 U.S. Dist. LEXIS 92355, 2009 WL 3199482, at *2 (N.D. Tex. Oct. 1, 2009) (Kinkeade, J.); *Moore v. Quarterman*, 2009 U.S. Dist. LEXIS 680, 2009 WL 50000, at *2 (N.D. Tex. Jan. 6, 2009) (Kinkeade, J.). The prompt dismissal of Petitioner's state habeas petition on procedural grounds confirms that Petitioner has not fairly presented his claims to the highest state court in accordance with its procedural rules.

Nor has Petitioner shown that state corrective processes are ineffective to protect his rights, such that the requirement to exhaust state remedies should be excused. 28 U.S.C. § 2254(b)(1)(B)(ii). Petitioner's assertions that he has made every effort to obtain relief through the state courts, and that further efforts would be futile, are not supported by the record. In fact, Petitioner has not shown that he has made a reasonable effort to comply with state procedural requirements.

Accordingly, this habeas action is subject to dismissal for failure to exhaust available state remedies as required under 28 U.S.C. § 2254(b)(1).

### CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated

differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack,* 529 U.S. at 484). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that Petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be DENIED.

## CONCLUSION

Based on the foregoing analysis, the Court ORDERS as follows:

1. Respondent's Motions for Extension of Time (Docket Nos. 15, 16) are GRANTED.

2. Respondent's Motion to Dismiss (Docket No. 20) is GRANTED.

3. The petition is DISMISSED WITHOUT PREJUDICE for failure to exhaust all available state habeas corpus remedies as required by 28 U.S.C. § 2254(b)(1).

4. A certificate of appealability is DENIED.

5. All other pending motions, if any, are DENIED.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas, this 6th day of March, 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE